**SO ORDERED.**

**SIGNED this 25th day of January, 2013.**





Robert E. Nugent
United States Chief Bankruptcy Judge

_____

PUBLISH

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

| | | |
|---|---|---|
| REGINALD WIEBE | ) | Case No. 12-10109 |
| TIFFANY A. WIEBE | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| REGINALD WIEBE | ) | |
| TIFFANY A. WIEBE | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adversary No. 12-5056 |
| | ) | |
| KANSAS DEPARTMENT OF LABOR | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING SUMMARY JUDGMENT
### IN FAVOR OF KANSAS DEPARTMENT OF LABOR
### AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Kansas workers compensation law requires that qualifying employers maintain workers compensation insurance coverage with third-party carriers to fund the payment of claims of their

-1-

employees who are injured on the job.[1] Employers who knowingly fail to maintain that insurance are subjected to several forms of liability, including the repayment of any amount that the state workers compensation fund must pay for the medical treatment of their employee[2] and a civil penalty that is double the amount of any unpaid insurance premiums and that are payable to the state and credited to the fund.[3] Employers who knowingly make false statements in connection with providing or proving the existence of this insurance can also be held liable for civil penalties for fraud and abuse.[4] The Bankruptcy Code excepts from discharge debts that arise from penalties payable to and for the benefit of a government unit and that are not compensation for actual pecuniary loss.[5] Here, Reginald and Tiffany Wiebe operated a trucking concern, but knowingly failed to maintain their workers compensation insurance. When one of their employees was injured on the job, he was forced to recover his medical expenses from the Workers Compensation Fund because the Wiebes' and their trucking company were uninsured. The Kansas Department of Labor penalized them $123,696 for failing to maintain workers compensation insurance as required by statute. Because that penalty is non-compensatory in nature, it should be excepted from their discharge under 11 U.S.C. § 523(a)(7).

**Jurisdiction**

This proceeding to determine the dischargeability of the penalty debtors owe the Kansas Department of Labor is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which this Court may

---

[1] KAN. STAT. ANN. § 44-505.

[2] KAN. STAT. ANN. § 44-532a(a).

[3] KAN. STAT. ANN. § 44-532(d). The knowing failure to maintain insurance coverage is also a class A misdemeanor. § 44-532(c).

[4] KAN. STAT. ANN. § 44-5,120(d)(4)(A), (d)(15), and (g).

[5] 11 U.S.C. § 523(a)(7).

-2-

exercise jurisdiction under 28 U.S.C. § 1334 and § 157(b)(1).

**Stipulated Facts**

The Wiebes and the Kansas Department of Labor filed cross motions for summary judgment that are based upon a stipulated set of facts as set forth in the parties' agreed pretrial order.[6] The Court accepts those facts as uncontroverted for the purpose of deciding the summary judgment motions.[7]

Debtors Reginald and Tiffany Wiebe operated a trucking concern called Wiebe Trucking, Inc. Reginald was the president and Tiffany was the secretary/treasurer. Incorporated in 2002, the corporation lapsed in July of 2007 after it failed to file its annual report with the Kansas Secretary of State. In November of 2007, the Kansas Department of Labor requested proof from the debtors that they had worker's compensation insurance, but the debtors did not respond. They likewise did not answer a follow-up request from the Department. In fact, they were uninsured and had been since May of that year.

In June, 2007, their employee was injured while loading cattle and was hospitalized. He incurred medical expenses of $5,320. Mrs. Wiebe first represented to the employee and the hospital that she had worker's compensation coverage; when her former insurer denied coverage because the insurance had been cancelled for non-payment, she instead stated that the Wiebes would pay the employee's expenses. That never happened, either. When the Wiebes failed to respond to the Department's request for verification of insurance, and after the employee made a claim against the Fund, the Department

---

[6] *See* Adv. Dkt. 19. Many of those stipulations derive from the Order entered by the State of Kansas, Division of Workers Compensation following an administrative hearing held in 2009 on the Wiebes failure to maintain workers compensation insurance. *See* Adv. Dkt. 7-1 (Initial Order attached to the State's answer in this adversary proceeding.).

[7] Adv. Dkt. 27 and 29. The State of Kansas appears by its counsel Heather Wilke of the Kansas Department of Labor. The debtors Reginald and Tiffany Wiebe appear by their counsel Jeffrey L. Willis.

-3-

referred charges against the Wiebes' under the applicable statutes. After an administrative law hearing, the Wiebes were found to have knowingly and intentionally failed to maintain workers compensation insurance in violation of Kansas law and were assessed a civil penalty of $123,966 and restitution of $5,320. The administrative law judge also concluded that the Wiebes had committed acts of fraud and abuse pursuant to § 44-5,120 when they first misrepresented to the employee's care-givers that they were insured and later represented that they would pay for his care. The Department levied further penalties in the amount of $16,000 under that section. The parties stipulate that the $16,000 penalty is excepted from the debtors' discharge. Likewise, the parties agree that the $5,320 restitution order is dischargeable. The Wiebes did not appeal the administrative law judge's order and it is final.

Debtors filed this adversary proceeding to obtain a determination that the $123,966 penalty should not be excepted from their discharge because, as they argue, it is compensatory. They ground their argument on the idea that because the penalty is based upon the debtors' actual insurance premiums, it is intended to account for the Fund's costs in being the compensation insurer of last resort. There being no factual disputes, we focus on what is purely a legal issue: whether the § 44-532(d) penalty is "compensation for actual pecuniary loss" and therefore subject to discharge under § 523(a)(7). I conclude that the penalty is non-compensatory as a matter of law.

**Summary Judgment Standards**

In the absence of a factual dispute, all that remains to be decided is whether the uncontroverted facts entitle either of the moving parties to judgment as a matter of law. The fact that both parties have moved for summary judgment permits the Court to assume that no evidence needs to be considered other than that submitted by the parties, but it does not necessarily compel the entry of summary

-4-

judgment if disputes of material fact remain.[8] Likewise, if the facts presented are insufficient to grant judgment as a matter of law, summary judgment must be denied.[9] Thus, the Court must determine whether those facts that the parties have stipulated to are sufficient for it to conclude as a matter of law that one of the parties is entitled to judgment.[10] Here, where the facts are not in dispute and the parties only disagree whether the penalty imposed by the State was compensatory for actual pecuniary loss and the dispute requires the Court to interpret and apply the undisputed facts to § 523(a)(7), summary disposition is appropriate.

### Analysis

Worker's compensation laws provide an orderly means of giving employees recourse for injuries they incur on the job.[11] These laws displace the civil tort liability system for these workers and relieve them from the common-law master-servant doctrine that traditionally held employers immune from suit for work-related injuries. The backbone of the workers compensation system is the requirement that

---

[8] *Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1148 (10th Cir. 2000) (denying summary judgment for either movant due to the existence of disputed material facts). *See also Newcap Ins. Co. v. Employers Reinsurance Corp.,* 295 F. Supp. 2d 1229, 1238 n. 3 (D. Kan. 2003) (legal standard does not change if cross-motions for summary judgment are filed; each party has the burden of establishing the absence of genuine disputes of material fact and entitlement to judgment as a matter of law).

[9] *Reed v. Bennett,* 312 F.3d 1190 (10th Cir. 2002) (trial court erred in granting summary judgment solely on the basis of non-movant's failure to file a timely response; trial court is still required to determine whether the movant is entitled to judgment as a matter of law).

[10] *Buell Cabinet Co. v. Suduth,* 608 F.2d 431, 433 (10th Cir. 1979) (Cross-motions for summary judgment are to be treated separately; the denial of one does not necessarily require the grant of the other.)

[11] *See* KAN. STAT. ANN. § 44-501b (2011 Supp.) and § 44-505 (2000). Unless otherwise noted, all statutory references are to the Kansas Statutes Annotated, and particularly to the Kansas Workers Compensation Act codified in chapter 44, article 5 (2000 and 2011 Supp.).

-5-

employers either secure insurance to pay compensation claims or that they self-insure.[12] Section 44-532 of the Kansas law requires not only that employers maintain insurance coverage, but also that they confirm that coverage to the Kansas Department of Labor, Division of Workers Compensation on a regular basis. If the employer fails to secure and maintain the insurance, § 44-532(d) provides for the assessment of a penalty of $25,000 or twice the employer's annual insurance premium, whichever is greater. When the penalty is assessed and collected, the Department is required to deposit it in the state treasury to be credited toward the Workers Compensation Fund.[13]

The Fund is established by § 44-566a and is largely composed of assessments that the Department makes annually on insurers and insurance pools to pay the Fund's liabilities.[14] Among those liabilities are payments of medical expenses and lost wages for the benefit of an employee whose employer is uninsured.[15] An employee may apply for those benefits and if the Fund pays an award, it has a subrogation claim against the employer to recover what it paid out of the Fund.[16] Unlike the civil penalty exacted under § 44-532(d), the restitution award under § 44-532a(b) appears designed to compensate the Fund for the costs it incurs in paying benefits that the employer's insurance would have paid, had the employer maintained the insurance required by law.

Determining whether a penalty is compensatory for the purposes of section 523(a)(7) involves deciding whether its establishment is "rooted in the traditional responsibility of a state to protect its

---

[12] § 44-532(b) (2011 Supp.)

[13] § 44-532(g).

[14] § 44-566a(a) and (b)(1) (2011 Supp.).

[15] §§ 44-532a(a), 44-566a(e)(2).

[16] § 44-532a(b).

-6-

citizens."[17] The Supreme Court has held that even criminal restitution that is based on the extent of the damage caused by a defendant to his or her victim may be categorized as a penalty for (a)(7) purposes if it is part of the defendant's punishment for violating the law or other rules and is nondischargeable.[18] In *In re Troff*, the Tenth Circuit Court of Appeals concluded that a court-imposed restitution obligation could not be discharged even though the debtor's restitution payments were forwarded to the crime victim.[19] As the Circuit court succinctly stated, "[t]he Supreme Court held [in *Kelly*] that restitution obligations imposed as part of a criminal sentence were not dischargeable under § 523(a)(7) because principles of federalism do not permit a bankruptcy court to interfere with a state criminal sentence."[20]

Here, there can be no quarrel that the double-premium civil penalty for not maintaining insurance coverage is "rooted in the traditional responsibility of a state to protect its citizens." This penalty is unrelated to restitution of the kind the Department assesses when the Fund is forced to intervene and pay an employee's medical expenses. In this case, the Department concedes that restitution of the $5,320 incurred by the Fund for the employee's medical expenses is indeed compensatory and therefore dischargeable. By contrast, the penalty for failing to maintain insurance is not designed to compensate either the employee or the Department; instead, state law requires that it be imposed as a punishment when an employer is shown to have failed to maintain the necessary

---

[17] *Kelly v. Robinson,* 479 U.S. 36, 52, 107 S. Ct. 353, 93 L.Ed. 2d 216 (1986) (quoting the bankruptcy court and holding that any condition, including restitution, that a state criminal court imposes as part of a criminal sentence is excepted from discharge under § 523(a)(7)).

[18] *Id.* at 50, 52-53.

[19] *In re Troff*, 488 F.3d 1237 (10th Cir. 2007).

[20] *Id.* at 1239 [Emphasis added.].

-7-

insurance.[21] The penalty's calculation is not tied in any way to any costs that the Department incurs, nor is it related to any pecuniary loss by the Fund.[22] The penalty is simply a multiplier of the employer's annual insurance premium and bears no relationship to the Department's or the Fund's pecuniary loss. Its purpose is plainly penal. Without it, the backbone of the workers compensation system would break because the system's administration is predicated on employers carrying workers compensation insurance. Allowing them to flaunt the insurance requirement without consequence would leave the workers compensation law without teeth. Indeed, failing to carry this insurance is a crime in Kansas.[23]

Nothing in the record or the law supports the Wiebes' view that the failure-to-maintain penalty is designed to compensate the State for the high cost of being the compensation insurer of last resort. The Department has a separate means of recovering its direct cost of paying an injured employee's claims under KAN. STAT. ANN. § 44-532a(b). This buttresses the conclusion that the penalty assessment for failing to maintain insurance is indeed penal in nature and not compensatory.

Because the § 44-532(d) penalty is non-compensatory and payable to a governmental unit, it

---

[21] *Hill v. Kansas Dept. of Labor,* 42 Kan. App. 2d 215, 210 P.3d 647 (2009), *aff'd in part*, 292 Kan. 17, 248 P.3d 1287 (2011) (Workers Compensation Division has no discretion to decline to impose a civil penalty when violation of the statute is proven).

[22] The Fund itself is funded by annual assessment on workers compensation insurers each June 1 and is administered by the commissioner of insurance. *See* § 44-566a; *In re Payne,* 27 B.R. 809, 812 (Bankr. D. Kan. 1983) (noting that the Fund receives the bulk of its money from assessments made against all insurance carriers and is designed to cover all claims against the Fund arising because an employer was not insured.). *See also State Bar of Michigan v. Doerr (In re Doerr),* 185 B.R. 533 (Bankr. W.D. Mich. 1995) (Costs assessed against attorney after his license was revoked in attorney disciplinary action were nondischargeable where state's attorney disciplinary system was not dependent on reimbursed costs for its continued operation and costs constitute a "fine, penalty or forfeiture" that are not equated to pecuniary loss); *In re Betts,* 149 B.R. 891 (Bankr. N.D. Ill. 1993), *aff'd* 157 B.R. 631 (N.D. Ill. 1993) (same); *In re Haberman,* 137 B.R. 292 (Bankr. E.D. Wis. 1992) (same); *Richmond v. New Hampshire Supreme Court Committee on Professional Conduct*, 542 F.3d 913 (1st Cir. 2008) (same; costs were assessed to deter attorney misconduct).

[23] An employer's violation of the insurance requirement constitutes a class A misdemeanor. *See* § 44-532(c).
-8-

should be excepted from the debtors' discharge. The Department is therefore entitled to summary judgment.[24] For the same reasons, the Wiebes' cross-motion for summary judgment must be denied. A judgment on decision will enter this day.

# # #

---

[24] *See In re Tauscher,* 7 B.R. 918 (Bankr. E.D. Wis. 1981) ($3,100 civil penalty assessed by Secretary of Labor against employer for child labor violations of the Fair Labor Standards Act were nondischargeable under § 523(a)(7).)

-9-